# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LANCE CUTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:11CV1031 JCH |
| | ) |
| CITY OF KIRKWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend his complaint (ECF No. 22). In his original Complaint, Plaintiff alleged claims under 42 U.S.C. §§1981, 1983 against the City of Kirkwood, Gary Foresse, Priscilla Utley, and Todd Rehg, who were all employees of the City of Kirkwood. (ECF No. 4). Plaintiff alleged that he was forced to resign without a hearing. (Id., p. 1). Plaintiff also stated that he was discriminated against and his civil rights were violated. (Id., p. 2). Plaintiff mentioned that he was handcuffed and ordered to remain at the police department against his will and forced to stay at the St. John's psychological ward. (Id.). In his proposed Amended Complaint, Plaintiff seeks to add as defendants Lt. Bailey, Det. Geoff Morrison, Richard Modde, Gary Ripper, and Stephanie Valle, who appear to be employees of the Kirkwood Police Department, St. Louis County, or St. John's Mercy Hospital. (ECF No. 22, p. 1; ECF No. 22-1). In the Amended Complaint, Plaintiff purports to allege claims against the defendants under various federal employment discrimination statutes, Title II of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disability Act. (ECF No. 22-1).

The manner in which the Complaint has been drafted makes it difficult to review. The Amended Complaint does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure.

Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And, Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the contrary, the Amended Complaint is disjointed and rambling. Additionally, the claims are not stated in numbered paragraphs. As a result, the Court will order Plaintiff to file an amended complaint that complies with Rules 8 and 10.

Furthermore, Plaintiff must clarify his causes of action. The Court is unclear if Plaintiff wishes to pursue his claims under 42 U.S.C. §§1981, 1983, under the federal employment discrimination statutes, or all of the above.

Plaintiff should note that the Court does not accept amendment of the Complaint by interlineation. To amend his Complaint or add additional defendants, he must include with his motion to amend a proposed complaint that includes each and every claim he wishes to bring against every defendant he wishes to sue in this action. Plaintiff must name each defendant in the caption of the complaint and state exactly what each defendant did, or failed to do, which violated his rights. Failure to do so risks dismissal of one or all of the defendants.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In addition, all claims must arise out of the same transaction or occurrence or, put a different way, all claims must relate to each other. See Fed.R.Civ.P. 18(a) and 20(a)(2). Keeping all of this in mind, Plaintiff is ordered to file an amended complaint by **Wednesday, November 16, 2011**. If Plaintiff does not file an amended complaint by this date, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint by **Wednesday, November 16, 2011**.

Dated this   2nd   day of November, 2011.


/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE