# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LANCE CUTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:11CV1031 JCH |
| | ) |
| CITY OF KIRKWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its review of Plaintiff's Amended Complaint (ECF No. 40). As outlined below, the manner in which the Complaint has been drafted makes it difficult to review. The Court, therefore, orders Plaintiff to file an amended complaint using the Civil Complaint form provided by the Clerk of the Court.

First, the Amended Complaint does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And, Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the contrary, the Amended Complaint is disjointed and rambling. Additionally, the claims are not stated in numbered paragraphs, and exhibits are interspersed throughout Plaintiff's allegations and text. As a result, the Court again will order Plaintiff to file an amended complaint that complies with Rules 8 and 10. Plaintiff must use the Civil Complaint form and state his allegations in numbered paragraphs and attach exhibits, if any, at the end of the amended complaint. Plaintiff should also label his exhibits by number, *e.g.*, "exhibit 1" and "exhibit 2," and refer to them in the amended complaint by such designations.

Furthermore, Plaintiff must clarify his causes of action against each defendant. The Court is unclear if Plaintiff wishes to pursue his claims under 42 U.S.C. §§1981, 1983, under the federal employment discrimination statutes, or all of the above. In numbered paragraphs, Plaintiff must state the conduct he complains of with respect to each defendant and state the specific statute he claims that each defendant violated. That is, Plaintiff must state exactly what each defendant did, or failed to do, which allegedly violated his rights. Failure to do so risks dismissal of one or all of the defendants.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In addition, all claims must arise out of the same transaction or occurrence or, put a different way, all claims must relate to each other. See Fed.R.Civ.P. 18(a) and 20(a)(2). Keeping all of this in mind, Plaintiff is ordered to file an amended complaint by **Wednesday, November 30, 2011**. If Plaintiff does not file an amended complaint by this date, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint by **Wednesday, November 30, 2011**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff, along with a copy of this Order, a copy of the Court-provided "Civil Complaint" form. Plaintiff shall use this form in preparing his amended complaint.

**IT IS FURTHER ORDERED** that the Motion of Defendants City of Kirkwood, Gary Forshee, Todd Rehg and Priscilla Utley to Dismiss Plaintiff's Amended Complaint (ECF No. 28) is DENIED as moot.

Dated this   15th   day of November, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE