UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LANCE CUTTS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1031 JCH |
| | ) | |
| CITY OF KIRKWOOD, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its review of the record. On November 30, 2011, this Court issued a memorandum and order requiring Plaintiff to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 44). Plaintiff filed his Amended Complaint on December 13, 2011. (ECF No. 45). This is the second time the Court has ordered Plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure, as the Court previously ordered Plaintiff to file an amended complaint to comply with Rules 8 and 10 on November 15, 2011. (ECF No. 41). Plaintiff's current Amended Complaint is his third amended complaint.

Plaintiff's Amended Complaint contains eight pages of hand-written and incoherent allegations against the City of Kirkwood, various employees of the City of Kirkwood, the Kirkwood Police Department, an unidentifiable police officer with the Kirkwood Police Department, and St. John Mercy Hospital. Plaintiff's Amended Complaint was prepared using a court-provided "Civil Complaint" form, and the pages are out of order and duplicative. For example, Plaintiff's Amended Complaint contains two different versions of "Page 1," two different versions of "Page 2," and three different versions of "Page 3." The allegations in Plaintiff's Amended Complaint are incomplete

sentences containing nonsensical legal jargon, and the facts underlying Plaintiff's claims are impossible to discern.  Plaintiff's Amended Complaint is similarly baffling as to the legal bases for Plaintiff's claims, as Plaintiff simply states his claims arise under or out of "42 U.S.C. §§ 1981 1983," "Federal Employment Discrimination," and "Title II of the Civil Right [sic] Act" without offering any additional information.  (Amended Complaint, ECF No. 45, pp. 1, 2).

Complaints that are "rambling and needlessly long and confusing" or complaints that contain "lengthy, irrelevant, and largely incomprehensible factual allegations" violate Rule 8. McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir. 2007).  Furthermore, courts cannot be expected to save cases by sifting through "rambling, and sometimes incomprehensible" pleadings. Fuentes v. Chavez, 314 Fed. Appx. 143, 145 (10th Cir. 2009).

The Court has twice instructed Plaintiff to prepare an amended complaint that follows the requirements of the Federal Rules of Civil Procedure, and each time Plaintiff has failed to provide an intelligible complaint in compliance with the Rules.  Thus, dismissal of Plaintiff's action instead of ordering Plaintiff to amend his complaint a third time is warranted.  See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988) ("A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) after allowing time to file an amended complaint."); Barton v. Scott, No. 4:09CV543, 2009 WL 1025592, at *1 (E.D. Mo. Apr. 15, 2009)(dismissing the plaintiff's complaint sua sponte where the plaintiff's incomprehensible claims were "legally frivolous and/or fail[ed] to state a claim upon which relief may be granted").

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed, without prejudice.


Dated this __14th__ day of December, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE